UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEANA MALKOWSKI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV490 CDP |
| ) | |
| EMILIO GONZALEZ, in his official ) | |
| capacity as Director of U.S. Citizenship ) | |
| and Immigration Services, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

In their complaint, plaintiffs seek a judicial order compelling defendant Citizenship and Immigration Services to adjudicate plaintiffs' I-130 Petition for Alien Relative and I-485 Application to Register Permanent Residence or Adjust Status. Defendants filed a motion to dismiss, contending that this action is moot because plaintiffs have received the relief sought in their complaint. In particular, defendants contend that plaintiff Rasim Topcagic was scheduled for and given his I-485 Adjustment of Status interview and re-fingerprinting on April 23, 2009, and received approval of his permanent resident status on May 27, 2009. Defendants accordingly asked the Court to dismiss this action with prejudice. Because it appeared that plaintiffs' complaint was indeed moot, I ordered plaintiffs to show cause why their case should not be dismissed. Plaintiffs responded to my Order and agreed that their case should be dismissed as moot. However, plaintiffs ask

for a dismissal without prejudice, instead of a dismissal with prejudice as requested by the defendants, "in the event that defendants fail to ultimately issue Mr. Topcagic's legal permanent residence card."

Because the parties agree that this action should be dismissed on mootness grounds, the sole question remaining is whether dismissal should be with or without prejudice. Dismissal with prejudice operates as an adjudication on the merits and bars a party from returning to a court with the same claim. Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001). Conversely, dismissal without prejudice means that the party is not barred from returning to a court with the same claim. Id.

"Federal courts only have jurisdiction to hear actual cases and controversies." County of Mille Lacs v. Benjamin, 361 F.3d 460, 463 (8th Cir. 2004) (citing U.S. Const. art. III, § 2, cl. 1). "Occasionally, due to the passage of time or a change in circumstance, the issues presented in a case will no longer be 'live' or the parties will no longer have a legally cognizable interest in the outcome of the litigation. When such changes prevent a federal court from granting effective relief, the case becomes moot." Ark. AFL-CIO v. Federal Communications Commission, 11 F.3d 1430, 1435 (8th Cir. 1993) (internal citations omitted). Mootness is a jurisdictional bar. Id.; see also Charleston Housing Authority v. United States Dept. of Agriculture, 419 F.3d 729, 739 (8th

Cir. 2005) ("Questions of mootness are matters of subject matter jurisdiction ...."). A case dismissed for lack of subject matter jurisdiction may not be dismissed with prejudice, Benjamin, 361 F.3d at 464, because a dismissal for lack of jurisdiction is not an adjudication on the merits.  Id.; Jamal v. Chertoff, 2007 WL 2509765, *2 (D. Minn. Aug. 30, 2007).

In the present case, plaintiffs' case is moot, which divests the Court of subject matter jurisdiction.  As the Court has not reached the merits of the claim, dismissal may not be with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#2] is granted only in part as follows, and plaintiffs' complaint is dismissed without prejudice.

A separate Order of Dismissal in accordance with this Memorandum and Order is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2009.